IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELVIN MANUEL NUNEZ §<br>　　　　Plaintiff, §<br> §<br>v. §<br> §<br>DALLAS COUNTY SHERIFF, §<br> §<br>　　　　Defendant. § | No. 3:20-cv-00330-N (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Melvin Manual Nunez filed this *pro se* civil rights action while incarcerated in the Dallas County Jail. *See* Compl. (ECF No. 3). The Court granted Nunez leave to proceed *in forma pauperis* and withheld issuing process pending judicial screening. Ord. (ECF No. 10). For the following reasons, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted.

I.

Nunez does not name any parties as defendants. He states only that he wants his charges dropped. Compl. at 4 (ECF No. 3). He allegedly has been in jail for more than two years and asserts that "they whant [sic] to give me a lesser charge to get out of jail." *Id.* But, Nunez continues, he is innocent and wants the charges against him dropped completely. *See id.* As for his requested relief, Nunez asks the Court to "[d]rop fals [sic] charges against me." *Id.*

1

## II.

Nunez's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

Nunez previously filed a petition for habeas corpus in this Court. *See Nunez v. Director*, Case No. 3:20-cv-00332-E-BT. The petition was dismissed on May 6, 2020, without prejudice under the *Younger* extension doctrine. *See id.* Findings, Conclusions, and Recommendation; Order Adopting Findings, Conclusions, and Recommendation; and Judgment. (ECF Nos. 11-13). To the extent Nunez now seeks to challenge the validity or duration of his confinement under § 1983, he cannot do so. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)) ("A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement . . . ."); *see also Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of the United States Code); *Hernandez v. Spencer*, 780 F.2d 504 (5th Cir. 1986); *Jackson v. Torres*, 720 F.2d 877 (5th Cir. 1983); *Bell v. 10th Judicial District Court*, 2019 WL 2571890, at *1-2 (W.D. La. May 21, 2019). Therefore, his Complaint should be dismissed.

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal but leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Here, it is clear that the relief Nunez seeks is not available

through a Section 1983 action, and amendment would not change that. Thus, leave to amend would be futile.

## IV.

The Court recommends that Nunez's Complaint be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**SO RECOMMENDED.**

January 19, 2021.

                                     REBECCA RUTHERFORD
                                     UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).